POTTER HANDY LLP
Mark Potter, Esq., SBN 166317
Russell Handy, Esq., SBN 195058
Naomi Butler, Esq. SBN 332664
Cara Townsend, Esq., SBN 220356
100 Pine Street, Ste 1250
San Francisco, CA 94111
Phone: (415) 534-1911;
Email: ServeHT@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jane Doe (SF-00001)**, <br><br> Plaintiff, <br><br> v. <br><br> **Salesforce, Inc.**; <br> DOES 1-10, <br><br> Defendants | Case No. 3:26-cv-01594 <br><br> **Administrative Motion to Proceed By Pseudonym** |

Pursuant to Federal Rule of Civil Procedure 10(a), Plaintiff hereby respectfully moves the Court to enter an order permitting the Plaintiff's Complaint alleging unlawful human trafficking for sexual exploitation to be filed under the pseudonym *Jane Doe (SF-00001) v. Salesforce*, et al., and for Plaintiff to proceed under a pseudonym in pre-trial proceedings.

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." However, a party may proceed anonymously in judicial proceedings "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.

2000). Use of a pseudonym may be appropriate "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* (internal quotation omitted). Here, Plaintiff's claim involves her history as a victim of human trafficking and sexual assault, a subject matter clearly of a sensitive and highly personal nature. Courts have routinely recognized the importance of allowing victims of sexual assault to maintain their privacy. See *Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates."); *SB v. Comm'r of SSA*, 2021 U.S. Dist. LEXIS 7896 (D. Ariz. Jan. 15, 2021); *Doe v. United Airlines, Inc.*, 2018 WL 3997258, at *2 (D. Nev. 2018) (district courts "uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." (internal quotation omitted)); see also *Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *4 (W.D. Tex. Apr. 1, 2015) ("The Court finds instructive another line of cases in which the nature of the allegations sometimes warrants anonymity—those involving the sexual assault of the plaintiff." (citing cases)); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity.").

Many sex trafficking victims, such as Plaintiff, serve as key witnesses in the trials of their pimps and other criminals involved in their trafficking. At this stage of this litigation, putting Plaintiff's identity in the public domain exposes her to great risk of retribution from her pimp(s), johns, and others with an interest in keeping her silent and exposes her to potential ridicule and shame from those who learn of her exploitation.

Plaintiff's interest in protecting her privacy outweighs the public's interest in knowing her identity. Although the public has an interest in knowing the identities of the parties to the case, the public also "generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from

Motion: Proceed Pseduonym

1  reporting such crimes," *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at
2  *3 (N.D. Cal. May 13, 2011) (quoting *Kolko*, 242 F.R.D. at 195).
3        In sum, the need to protect Plaintiff's privacy and safety during this lawsuit
4  outweighs the public's interest in knowing her identity. As such, Plaintiff moves the
5  Court to grant her leave to proceed under a pseudonym for pre-trial proceedings.

POTTER HANDY LLP

Dated: February 23, 2026        By: /s/ Mark Potter
                                Mark Potter
                                Attorneys for Plaintiff

Motion: Proceed Pseduonym